```
AARON D. FORD
  Attorney General
SAMUEL L. PEZONE JR. (Bar No. 15978)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
(702) 486-4070 (phone)
(702) 486-3768 (fax)
Email: spezone@ag.nv.gov
```

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMELLE RUSSELL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MORDA, *et al.*,<br><br>　　　　Defendants. | Case No. 3:24-cv-00094-ART-CSD<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE DEFENDANTS' MOTION TO DISMISS**<br><br>**[FIRST REQUEST]** |

Defendants, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Samuel L. Pezone Jr., Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby request an extension of time to file their Motion to Dismiss. This is Defendants' first requested extension of the subject deadline.

### MEMORANDUM OF POINTS AND AUTHORITY

**I.　APPLICABLE LAW**

Pursuant to Fed. R. Civ. P. 6(b), the "court may, for good cause, extend the time . . . with or without motion or notice . . . if a request is made, before the original time or its extension expires," or "on motion made after the time has expired if the party failed to act because of excusable neglect."

To demonstrate good cause, the party seeking modification must show "that, even in the exercise of due diligence, [the party was] unable to meet the timetable set forth in the order." *Cruz v. City of Anaheim*, CV-1003997-MMM-JEMX, 2011 WL 13214312, at *2 (C.D. Cal. Dec. 19, 2011) (citing *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087

1  (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Prejudice to the opposing party is a factor in determining good cause, though lack of prejudice is "not a prerequisite." *Id*.

In determining whether any parties' neglect is excusable, courts of this circuit weigh four factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004); *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

## II.  ARGUMENT

Defendants seek an extension of time to file their Motion to Dismiss the operative Complaint. Pursuant to ECF No. 17, the deadline to file a response to the Complaint is August 29, 2025. Good cause and excusable neglect are present to extend this deadline until September 29, 2025.

On August 24, 2025, the State of Nevada's computer systems suffered a large-scale cyberattack. This attack resulted in all computer systems being taken offline, including the Office of the Attorney General's VPN access and case management systems. Currently, these systems remain unavailable, which, to date, has prevented undersigned counsel from finalizing a draft of Defendants' Motion to Dismiss the operative Complaint. There is currently no set date when these systems will be fully restored. Given that the outage has lasted over a week and there is currently no set date when access will be restored, a lengthier extension is requested to obviate the need for several smaller extensions.

A thirty (30) day extension to September 29, 2025, will allow undersigned counsel adequate time to finalize Defendants' Motion to Dismiss. Plaintiff would likely not be prejudiced by this extension, as Defendants are not asking for a lengthy extension.

Accordingly, Defendants respectfully request that this extension be granted for good cause shown. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1260 (9th Cir. 2010)

(holding that the "district court abused its discretion in denying party's timely motion" to extend time because the party "demonstrated the 'good cause' required by Rule 6, and because there was no reason to believe that [the party] was acting in bad faith or was misrepresenting his reasons for asking for the extension").

### III.  CONCLUSION

Good cause and excusable neglect exist for a brief extension of the deadline to respond to the Complaint. This is the first request presented by Defendants seeking an extension of the deadline. There will be no prejudice to the Plaintiff in granting a thirty-day extension of time until September 29, 2025.

DATED this 3rd day of September, 2025.

AARON D. FORD
Attorney General

By: /s/ Samuel L. Pezone Jr.
SAMUEL L. PEZONE JR. (Bar No. 15978)
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED:  September 4, 2025.

_____
Craig S. Denney
United States Magistrate Judge