UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMELLE RUSSELL,<br>Plaintiff,<br>v.<br>MALAY, et al,<br>Defendants. | Case No. 3:24-cv-00094-ART-CSD<br>ORDER |

Plaintiff Jamelle Russell sued Defendants Nethanjah Breitenbach, Jacqueline Chandler, Stephen Clark, Myles Etcheberry, Clayton Forshee, Tim Garrett, Aaron Harroun, Ricky Hughes, Kara LeGrand, Joseph Mainwaring, Paul Malay, and Gail Waters for violations of his civil rights while he was incarcerated at Lovelock Correctional Center ("LCC"). (ECF No. 9.) Before the Court is Magistrate Judge Craig Denney's Report and Recommendations (R&R) recommending that Defendants' motion for summary judgment be granted (ECF No. 37), and that Mr. Russell's motion for default judgment against Defendant Colette Stammerjohn be denied. (ECF No. 43.)

For the reasons set forth below, the Court adopts Judge Denney's R&Rs, granting Defendants' motion for summary judgment and denying Mr. Russell's motion for default judgment.

## I. FACTS AND PROCEDURAL HISTORY

The Court adopts the following facts from the R&Rs. While Mr. Russell was incarcerated at Lovelock Correctional Center ("LCC"), he alleges that prison officials found him guilty of battery without evidence. (ECF No. 37 at 2.) Mr. Russell alleges that he presented a signed affidavit from the victim who stated that Mr. Russell had never touched him and that officials were trying to get the victim to lie to charge Mr. Russell with misconduct. (*Id.*) As a result, Mr. Russell

received 60 days in disciplinary segregation, and his property was taken. (*Id.*)

On November 29, 2023, Mr. Russell initiated a disciplinary appeal related to the alleged false charges by filing Informal Grievance No. 2006-31-59523. (*Id.* at 7.) The grievance was returned because it lacked the required documents. (*Id.*) Mr. Russell later resubmitted the grievance with the necessary documents. (*Id.*) On January 8, 2024, Mr. Russell's appeal was denied, because the warden found the hearing was properly conducted and supported by evidence, and that the sanction imposed was appropriate. (*Id.*) At some time during the process, Mr. Russell was moved to Ely State Prison ("ESP"). (*Id.*) On February 1, 2024, when Mr. Russell was in custody at ESP, he received and signed the warden's denial of his disciplinary appeal. (*Id.*) Mr. Russell subsequently failed to raise his grievance to the Second Level, as required to administratively exhaust. (*Id.*)

On February 27, 2024, Mr. Russell filed this lawsuit. (ECF No. 1-1.) The court screened Mr. Russell's complaint and allowed him to proceed with one claim for a Fourteenth Amendment due process disciplinary hearing violation based on the allegation that prison officials falsified the notice of charges and found him guilty of a battery that never occurred. (ECF No. 12.)

Defendants subsequently moved for dismissal and summary judgment, arguing: (1) Mr. Russell did not exhaust administrative remedies before filing this action; and (2) Defendants are entitled to qualified immunity. (ECF Nos. 26; 27.) Judge Denney concluded that Mr. Russell did not exhaust his administrative remedies and, therefore, summary judgment should be granted for Defendants. (ECF No. 37.) In the R&R, Judge Denney also stated that Stammerjohn was yet to be served or make an appearance in this case, and so was not a party to the summary judgment motion. (*Id.*)

Mr. Russell subsequently moved for a default judgment against Stammerjohn. (ECF No. 40.) The Attorney General's office, however, did not accept service for Stammerjohn and filed her last known address under seal. (ECF

Nos. 18; 19.) The Court issued a summons for Stammerjohn for service by the U.S. Marshal, but the summons was returned unexecuted. (ECF Nos. 21; 22; 23.) As a result, Judge Denney stated that both a clerk's entry of default and entry of a default judgment against Stammerjohn were inappropriate, and recommended that Mr. Russell's motion for default judgment be denied. (ECF No. 43.)

## II. LEGAL STANDARD

### A. Review of Reports and Recommendations

Under the Federal Magistrates Act, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party objects to a magistrate judge's report and recommendation, the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Mr. Russell objected to the R&Rs. (ECF Nos. 38; 46.) Therefore, the Court reviews the R&R *de novo* for issues Mr. Russell objected to.

### B. Motion for Summary Judgment

Summary judgment is appropriate when the record shows "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248.

In considering a motion for summary judgment, "all reasonable inferences are drawn in the light most favorable to the non-moving party." *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). However, if the evidence of

the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex*, 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

## II. ANALYSIS

### A. Motion for Summary Judgment

Mr. Russell objects to the magistrate judge's conclusions on the ground that he could not administratively exhaust, because (1) prison transfers made the process unavailable; (2) substantive denials rendered the process futile; and (3) his emergency grievance was improperly rejected as a non-emergency, making the process unavailable. (ECF No. 38.) The Court addresses each objection in turn.

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 88. An inmate need exhaust only such administrative remedies as are "available." *Ross v. Blake*, 578 U.S. 632, 648 (2016); *see e.g., Eaton v. Blewett*, 50 F.4th 1240, 1245 (9th Cir. 2022).

The Supreme Court has recognized at least three ways in which an administrative remedy is unavailable: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) if it is "so opaque that it becomes, practically speaking, incapable of use"; and (3)

"when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 633. In the third instance, a grievance procedure is unavailable when "the correctional facility's staff misled the inmate as to the existence or rules of the grievance process," misled the inmate "into thinking that ... he had done all he needed to initiate the grievance process" or "play[s] hide-and-seek with administrative remedies." *Id.* at 644 n.3 (citations omitted).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). To determine if a defendant has proved a failure to exhaust under the PLRA, the court applies a burden-shifting framework. *Williams v. Paramo*, 775 F.3d 1182, 1191 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996)). The "defendant must prove that there is an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Id.* (citations omitted). "Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable" because they were "ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Id.* (quoting *Albino*, 747 F.3d at 1172 (citing *Hilao*, 103 F.3d at 778 n.5 (9th Cir. 1996))).

Mr. Russell does not dispute that Defendants met their initial burden. (*See* ECF No. 38.) A review of Mr. Russell's grievance history shows that he did not properly grieve through all levels of the grievance process, as required by AR 740, because he never raised his grievance to the Second Level. (ECF No. 26-1.)

Mr. Russell instead argues the process was unavailable because he was moved to other facilities during the grievance process. (ECF No. 38 at 3–4.) Mr. Russell was transferred to ESP after he submitted his first level appeal. (ECF Nos. 26-2 at 3; 45-1 at 4.) He received a response to his first level grievance on

February 1, 2024, which he signed, indicating receipt. (ECF No. 26-2 at 3.) A timely appeal, according to 740.09(6)(A) would have been due no later than February 6, 2024. (ECF 26-3 at 14–15.) During that entire period, he was housed at ESP. (ECF No. 45-1 at 4.) Additionally, his first level grievance was not rejected for untimeliness, but instead was rejected because the warden found the hearing was properly conducted and supported by evidence, and the sanction was therefore appropriate. (ECF No. 26-2 at 2.) Mr. Russell therefore fails to show that any institutional transfer adversely impacted his ability to grieve his disciplinary appeal to the Second Level.

Mr. Russell also argues that appealing his grievance to the Second Level would have been futile because his First Level grievance was denied. (ECF No. 38 at 4–5.) Mr. Russell's grievance history only contains one instance of a Second Level appeal that was denied on the merits. (ECF No. 26-1 at 40.) This evidence, however, does not suffice to establish that officials were unable or consistently unwilling to consider his grievance on the merits, and that a Second Level appeal would have operated as a dead end. *Wilson v. Zubiate*, 718 F. App'x 479, 482 (9th Cir. 2017) (quoting *Ross*, 578 U.S. at 643) (plaintiff who did not appeal grievance to final level "was not at a dead end" because he did not show that officials were "unable or consistently unwilling to provide any relief").

Additionally, Mr. Russell argues that the denial of his unrelated emergency grievance (Grievance No. 2006-31-59853) as a non-emergency rendered administrative remedies unavailable. (ECF No. 38 at 4–5.) This grievance did not appeal the disciplinary conviction, but instead requested "TV, hair grease, and shampoo [to] relieve pain from dryness while I appeal my illegal guilty ruling." (ECF No. 26-1 at 13.) Even if Mr. Russell was attempting to appeal his disciplinary conviction through this emergency grievance, he failed to appeal the denial, as set out in AR 740.07(7). (ECF No. 26-2 at 10.) Accordingly, Mr. Russell fails to show how denial of his emergency grievance as a non-emergency rendered

administrative remedies unavailable.

Thus, because Mr. Russell's grievances were rejected for proper reasons, the process was available, and he was required to administratively exhaust. *See Sapp v. Kimbrell*, 623 F.3d 813, 825–27 (finding screening proper where rejection was supported by applicable regulations). The Court therefore agrees with the R&R and finds that Mr. Russell has not demonstrated that the grievance process was unavailable, as to excuse proper exhaustion for his due process claim.

**B. Motion for Default Judgment**

Mr. Russell moved for default judgment against Stammerjohn for failure to answer. (ECF No. 40.) However, Stammerjohn has not been served and the previously extended deadline for service under Fed. R. Civ. P 4(m) has passed. (ECF No. 35.)

Fed. R. Civ. P. 55(b)(2) provides for a court ordered default judgment after an entry of default under Fed. R. Civ. P. 55(a). It is inappropriate to enter default or default judgment against any defendant who did not receive service of complaint and summons. *Cf. Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (entry of default appropriate after party has been served and failed to respond); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process."); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs.*, Inc., 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4.").

Mr. Russell does not argue that Stammerjohn has been successfully served, but instead states that default judgment is appropriate when a defendant does not respond. (ECF No. 46.) Without proof of service, however, any entry of default or default judgment is improper, and the Court denies Mr. Russell's motion for default judgment. Additionally, because no proof of service has been

filed for Stammerjohn and there is no apparent good cause for additional extension, the Court will dismiss Stammerjohn without prejudice under Fed. R. Civ. P. 4(m).

**III. CONCLUSION**

IT IS THEREFORE ORDERED that the report and recommendations (ECF No. 37; 43) are ADOPTED.

IT IS FURTHER ORDERED that the motion for summary judgment (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that motion to dismiss (ECF No. 26) is DENIED as MOOT.

IT IS FURTHER ORDERED Plaintiff's motion for default judgment (ECF No. 40) is DENIED.

IT IS FURTHER ORDERED that Colette Stammerjohn is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER KINDLY ORDERED that the Clerk enter judgment in Defendants' favor and close the case.

Dated this 17th day of July 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE